**Thomas Freedman**, OSB No. 080697
Email:  thomas@prllaw.com
PEARL LAW LLC
312 NW 10th Avenue, Suite 201
Portland, OR  97209
Phone:  503.467.7256
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| JUSTIN JAMES BRIDGES, an individual,<br><br>　　　　　　　　　　　　　*Plaintiff*,<br><br>　　　　-against-<br><br>CITY OF PORTLAND, a municipal corporation; SGT. JAMI RESCH, an individual; SGT. JOE SANTOS, an individual; OFFICER BERG, an individual; OFFICER RAFAEL CORTADA, an individual; OFFICER JASON GRAF, an individual; OFFICER DAVE THOMAN, an individual; OFFICER D. WILLIAMS, an individual; OFFICER AMY FOSTER, an individual; JOHN AND JANE DOES 1 THROUGH 50, individual police officers from various police departments; JOHN AND JANE DOES 51 THROUGH 56, individual officers with the Portland Police Bureau bicycle division; CITY OF BEAVERTON; CITY OF GRESHAM; CITY OF HILLSBORO; CITY OF LAKE OSWEGO; CITY OF MILWAUKIE; CITY OF SALEM; CITY OF OREGON CITY; CITY OF TIGARD; CITY OF TUALATIN; and CITY OF VANCOUVER, WASHINGTON.<br><br>　　　　　　　　　　　　　*Defendants*. | Case No. _____<br><br>**COMPLAINT**<br><br><br>**Jury Trial Demanded** |

　　　　Plaintiff, as and for his complaint, alleges as follows:

## NATURE OF THE ACTION

1. While plaintiff was participating in the Occupy Portland demonstrations, defendant police officers wrongfully arrested, beat, harassed and failed to provide medical care to plaintiff, who suffered severe back injuries, extensive pain, and other injuries. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover monetary damages for deprivation of his constitutional rights as guaranteed by the First, Fourth and Fourteenth Amendments and under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), as well as common law claims for false arrest, assault and battery, intentional infliction of emotional distress, and negligence. Due to the egregious nature of the police misconduct, plaintiff also seeks extensive punitive damages.

## THE PARTIES

2. Plaintiff is a natural person and a resident of the state of Oregon.

3. Defendant City of Portland is a municipal corporation located in Oregon.

4. Defendant Sergeant Jami Resch is a natural person and a resident of Oregon. At all relevant times, defendant Resch was a police sergeant with the Portland Police Bureau ("PPB"), and was acting under color of state law.

5. Defendant Sergeant Joe Santos is a natural person and a resident of Oregon. At all relevant times, defendant Santos was a police sergeant with PPB (#29573), and was acting under color of state law.

6. Defendant Officer Berg is a natural person and a resident of Oregon. At all relevant times, defendant Berg was a police officer with PPB (#43499), and was acting under color of state law.

7. Defendant Officer Rafael Corbata is a natural person and a resident of Oregon.

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7257 | thomas@prllaw.com

Page **2** of **16**
Complaint

At all relevant times, defendant Corbata was a police officer with PPB (#37168), and was acting under color of state law.

8. Defendant Officer Jami Graf is a natural person and a resident of Oregon. At all relevant times, defendant Graf was a police officer with PPB (#38791), and was acting under color of state law.

9. Defendant Officer Dave Thoman is a natural person and a resident of Oregon. At all relevant times, defendant Thoman was a police officer with PPB (#27831), and was acting under color of state law.

10. Defendant Officer D. Williams is a natural person and a resident of Oregon. At all relevant times, defendant Williams was a police officer with PPB (#46620), and was acting under color of state law.

11. Defendant Officer Amy Foster is a natural person and a resident of Washington. At all relevant times, defendant Foster was a police officer with the Vancouver Police Department ("VPD") (#1161) who was assisting the PPB, and was acting under color of state law.

12. Defendant John and Jane Does 1 through 50 are unidentified police officers with the PPB and/or other police departments, who were acting under color of law at all relevant times.

13. Defendants Resch, Santos, Berg, Corbata, Graf, Thoman, Williams, Foster, and John and Jane Does 1 through 50 are collectively referred to herein as the "Defendant Officers."

14. John and Jane Does 51 through 56 are unidentified police officers with the PPB bicycle division, and were acting under color of state law at all relevant times. John and Jane Does 51 through 56 are collectively referred to herein as the "PPB Bicycle Officers."

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **3** of **16**
Complaint

15.     Defendants City of Portland, City of Beaverton, City of Gresham, City of Hillsboro, City of Lake Oswego, City of Milwaukie, City of Oregon City, City of Salem, City of Tigard, City of Tualatin, City of Vancouver are collectively referred to herein as the "City Defendants."

## JURISDICTION & VENUE

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because this action seeks to redress the deprivation, under color of state law, of rights under the First, Fourth and Fourteenth Amendments secured by the United States Constitution and the Federal Civil Rights Act, 42 U.S.C. § 1983.

17.     This Court also has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a) because the 42 U.S.C. § 1983 violations and tort liability for the state law claims arise from a common nucleus of operative facts.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

19.     Plaintiff has complied with all applicable notice and statutory requirements of the Oregon Tort Claims Act.

## FACTUAL ALLEGATIONS

**A.**     *The November 13, 2011 Incident*

20.     On November 13, 2011, plaintiff Justin James Bridges was volunteering as an American Sign Language interpreter for deaf and hearing-impaired individuals who were participating in the Occupy Portland political demonstrations in the vicinity of Chapman Square Park in Portland, Oregon.

21.     Around 12:15 p.m., defendant was on the sidewalk near Chapman Square Park providing ASL interpreter services to demonstrators and exercising his constitutionally-protected

**Thomas Freedman, OSB No. 080697**  
PEARL LAW LLC  
312 NW 10th Ave Ste 201, Portland, OR  97209  
503.467.7257 | thomas@prllaw.com

Page **4** of **16**  
Complaint

rights to free speech, assembly and petition.

22. Defendant Officers unlawfully and forcibly pushed hundreds of demonstrators and individuals out of the Park, in violation of their constitutional rights. Plaintiff was swept up in the wave of people and, due to the unlawful actions of Defendant Officers, was pinned against a concrete trash receptacle near the intersection of SW Main Street and SW 4th Avenue.

23. The force of being pinned against the concrete trash receptacle caused plaintiff severe back injuries and extensive pain, including exacerbating prior serious back injuries. Plaintiff had broken his back on two prior occasions.

24. Plaintiff was in tremendous pain, fell to the ground, and called out for immediate medical attention. Plaintiff also indicated that he could not feel his lower legs.

25. Other demonstrators and individuals observed plaintiff's injuries and heard his cries for help, and began calling for immediate medical attention from qualified medics among the demonstrators.

26. Defendant Officers approached plaintiff, who pleaded for medical attention and told the Officers not to handle him due to his severe back injuries.

27. Defendant Officers ignored plaintiff's warnings and requests for medical attention and, without reasonable suspicion or probable cause, forcibly dragged plaintiff by his feet and legs back into the Park and away from the individuals calling for medical attention.

28. Once in the Park, Defendant Officers forcibly flipped plaintiff over onto his stomach, slammed him to the ground, and began to handcuff him with plastic zip-ties.

29. Plaintiff willfully put his hands behind his back and reiterated that he needed help and medical attention.

30. Defendant Officers bent plaintiff's fingers back and attempted to break them

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **5** of **16**
Complaint

while handcuffing him with zip-ties, causing him additional and substantial pain and injuries.

31.   Defendant Officers handcuffed plaintiff without any basis, in an unreasonably tight and painful manner, and unlawfully detained him, while he was suffering pain, injuries and trauma, including severe back injuries.

32.   Plaintiff repeatedly informed Defendant Officers of his back injuries and pain, and repeatedly requested medical attention. Defendant Officers responded by kneeing him in the back and beating him with repeated baton strikes to the back, neck and shoulders.

33.   Plaintiff lost consciousness several times throughout the arrest and detainment.

34.   Defendant Officers denied medical treatment to plaintiff throughout the arrest and detainment.

35.   Due to his severe injuries, plaintiff could not stand up or walk, which he informed Defendant Officers.

36.   Defendant Officers forcibly pulled plaintiff to his feet by his handcuffed arms, forced his injured arms over his head, and pulled his ankles forward trying to force plaintiff to stand and walk, and causing plaintiff extensive additional pain, injury and suffering.

37.   Defendant Officers started to carry plaintiff and grabbed his collar and bandana. Defendant Officers then started choking plaintiff with his bandana. Plaintiff informed Defendant Officers that he could not breathe. Defendant Officers laughed at him.

38.   Plaintiff thought the officers were going to kill him.

39.   Plaintiff lost consciousness several times.

40.   Defendant Officers propped plaintiff up on a bench, twisting his body further.

41.   Defendant Officers forcibly moved plaintiff over to a squad car, and pinned him against the hood of the car.

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **6** of **16**
Complaint

42. Defendant Officers sat plaintiff down on the ground with his back against a tire of the squad car, and then pushed him to lean forward.

43. Plaintiff was detained by Defendant Officers for approximately one hour, throughout which plaintiff was suffering excruciating pain due to severe back injuries and other injuries, and repeatedly asked for medical attention.

44. As a direct, proximate and foreseeable result of defendants' unlawful conduct, plaintiff suffered extensive deprivation of constitutional rights, injury, harm, and compensable economic and noneconomic damages.

45. Defendants' acts and omissions caused plaintiff extensive physical and medical injuries, including severe back injuries; severe nerve damage to his right arm and hand; severe nerve damage to his right leg and foot; long-term loss of feeling and sensitivity to his right leg and foot and right arm and hand; temporary loss of feeling and sensitivity in his left leg and foot; injuries to his shoulders and neck; bone bruises on his back, spine, neck, and ribs; general cuts and bruises; a severely swollen right hand; tendonitis in his elbow; and severe trauma, stress, emotional distress, physical and mental pain and suffering, psychological pain and suffering, humiliation, degradation, shock, nightmares, discomfort, anguish, depression, interference with his liberty and freedom of movement, disturbance and loss of enjoyment of life, extensive medical and therapy bills, confinement to a wheelchair, lost wages and revenue, and significant damage to his career as a musician.

### B.    *The January 25, 2012 Incident*

46. On January 25, 2012, plaintiff was participating in a political demonstration in downtown Portland in support of the Egyptian revolution initiated at Tahrir Square.

47. At this time, plaintiff was using a wheelchair due to the injuries arising out of the

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **7** of **16**
Complaint

November 13, 2011 incident.

48. During the march, PPB officers attempted to push pedestrians to the sidewalk.

49. Plaintiff could not get over the curb and onto the sidewalk due to his wheelchair, and was attempting to reach a ramp at the end of the block.

50. The PPB Bicycle Officers aggressively and with unfounded hostility attempted to force plaintiff onto the sidewalk. One of the PPB Bicycle Officers forcibly rammed his bicycle into plaintiff's wheelchair from the right side.

51. This unlawful, unreasonable and unnecessary force caused plaintiff additional injury to his back, severe and excruciating pain, and, later, completely incapacitated plaintiff for a period of time.

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Excessive Force – 4th Amendment)
### (Against Defendant Officers and the PPB Bicycle Officers in Their Individual Capacities)

52. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

53. As set forth with particularity above, Defendant Officers used excessive and unreasonable force under the circumstances against plaintiff in violation of his 4th Amendment rights to be secure in his person.

54. Defendant Officers' conduct under the circumstances was an excessive use of force, and reasonable police officers in Defendant Officers' position would not have used such force.

55. As a direct, proximate and foreseeable result of Defendant Officers' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **8** of **16**
Complaint

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Unlawful Seizure - 4th Amendment)
### (Against Defendant Officers in Their Individual Capacities)

56. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

57. Defendant Officers, by their actions set forth herein, falsely arrested, detained and/or seized plaintiff without probable cause or reasonable suspicion.

58. Defendant Officers' acts and omissions deprived plaintiff of his liberty interest in freedom and being free from unlawful seizures.

59. As a direct, proximate and foreseeable result of Defendant Officers' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Deliberate Indifference
### to Serious Medical Needs -- 14th Amendment)
### (Against Defendant Officers in Their Individual Capacities)

60. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

61. As set forth with particularity *supra*, plaintiff suffered serious medical needs, including severe back injuries, extensive pain, injuries to his arms, hands, neck and shoulder, and other injuries.

62. During his detention, plaintiff repeatedly informed and notified Defendant Officers of his serious medical needs, and repeatedly pleaded and begged for medical attention.

63. Defendant Officers knew of and repeatedly disregarded an excessive risk to plaintiff's health and safety.

64. Defendant Officers were deliberately indifferent to plaintiff's serious medical

**Thomas Freedman**, OSB No. 080697
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **9** of **16**
Complaint

needs, including failing to provide him with necessary medical care in a timely fashion.

65. As a direct, proximate and foreseeable result of Defendants Officers' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

### FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983: 1st Amendment – Denial of Right to Speech, Assembly and Petition)**
**(Against Defendant Officers and PPB Bicycle Defendants in Their Individual Capacities)**

66. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

67. At all relevant times, plaintiff was exercising his constitutionally-protected First Amendment rights to freedom of speech, assembly and petition.

68. Defendant Officers unlawfully interfered with and deprived plaintiff of his First Amendment rights by wrongfully arresting, detaining and abusing plaintiff for his speech-related activities.

69. Defendant Officers and PPB Bicycle Officers unlawfully punished, abused, beat and harassed plaintiff due to the content and point-of-view of his speech and political views, which were the substantial motivating factor behind their unlawful conduct.

70. As a direct, proximate and foreseeable result of Defendant Officers' and PPB Bicycle Officers' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

### FIFTH CAUSE OF ACTION
**(False Arrest and Imprisonment)**
**(Against City of Portland)**

71. Plaintiff restates and realleges the allegations contained in the preceding

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7257 | thomas@prllaw.com

Page **10** of **16**
Complaint

paragraphs and incorporate the same by reference as if fully set forth herein.

72. Defendants wrongfully arrested and confined plaintiff.

73. Defendants intended the acts that caused the arrest and confinement.

74. Plaintiff was aware of the arrest and confinement.

75. The arrest and confinement were unlawful under Oregon law and not privileged.

76. As a direct, proximate and foreseeable result of defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

### SIXTH CAUSE OF ACTION
**(Assault & Battery)**
**(Against City of Portland)**

77. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

78. Defendants engaged in an intentional attempt to do violence to the person of plaintiff, coupled with the present ability to carry the intention into effect.

79. Defendants engaged in voluntary acts that caused intentionally harmful and offensive contact with plaintiff.

80. As a direct, proximate and foreseeable result of defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

### SEVENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against City of Portland)**

81. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7257 | thomas@prllaw.com

Page **11** of **16**
Complaint

82. As set forth above with particularity, defendants terrorized, antagonized, disparaged and shouted obscenities at plaintiff, unnecessarily used excessive force, falsely arrested and detained plaintiff, and willfully failed to provide medical treatment.

83. Defendants intended to inflict severe emotional distress upon plaintiff, and/or knew that severe emotional distress to plaintiff was substantially likely to occur and result from their conduct, and acted despite a high probability that their conduct would cause severe emotional distress to plaintiff.

84. Defendants' actions caused plaintiff to suffer severe emotional distress.

85. Defendants' conduct constituted an extraordinary transgression of the bounds of socially-tolerable conduct, particularly given that plaintiff was being punished and beaten for his political views, and the fact that plaintiff repeatedly informed defendants that he had severe back injuries.

86. As a direct, proximate and foreseeable result of defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

### ALTERNATIVE EIGHTH CAUSE OF ACTION
**(Negligence)**
**(Against City of Portland)**

87. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

88. Defendants breached their duties to plaintiff to exercise reasonable care in the performance of their official duties.

89. Defendants' negligence in wrongfully and unlawfully pushing, forcing and terrorizing a large number of people out of Chapman Square Park created a wave of people

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **12** of **16**
Complaint

which pushed plaintiff into a concrete trash receptacle and proximately caused plaintiff's severe back injuries. But for defendants' negligence, plaintiff would not have suffered severe back injuries and exacerbated his prior injuries stemming from a broken back.

90. Thereafter, among other things, defendants had a duty to (i) attend to plaintiff's imminent medical needs that arose during the arrest and detention and that were caused by defendants' excessive force and other unnecessary conduct, including severe back injuries and extensive pain; (ii) arrest and detain plaintiff only if there was sufficient probable cause or evidence of criminal activity, which there was not; and (iii) recognize and acknowledge that plaintiff was merely exercising his constitutional rights to engage in free speech, assembly and petition.

91. As discussed with particularity above, defendants failed and breached their duties.

92. As a direct, proximate and foreseeable result of defendants' negligence and breaches of duty, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

## NINTH CAUSE OF ACTION
### (42 U.S.C. § 1983 -- *Monell* Claims)
### (Against the City Defendants)

93. Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

94. At all relevant times, the City Defendants adopted one or more policies, customs or practices whereby their police offers, including Defendant Officers, are allowed or encouraged to, *inter alia*, engage in excessive and unreasonable force when responding to political protests, demonstrations, and other crowd gatherings.

95. At all relevant times, the City Defendants failed or refused to adequately train

**Thomas Freedman**, OSB No. 080697
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR 97209
503.467.7257 | thomas@prllaw.com

Page **13** of **16**
Complaint

their police officers, including Defendant Officers, concerning use of excessive force during protests, demonstrations and other crowd gatherings.

96. At all relevant times, the City Defendants deliberately or consciously disregarded plaintiff's (and others) federally-protected rights under the First, Fourth and Fourteenth Amendments.

97. At all relevant times, the City Defendants failed to investigate, discipline, reprimand or instruct their police officers in any way for and because of the malicious and unconstitutional actions of their officers, thus further evincing a policy, practice and custom of encouraging and condoning such acts.

98. At all relevant times, as a matter of both policy and practice, the City Defendants directly encourage and are thereby the moving force behind the very type of misconduct at issue herein by failing to adequately train, supervise and control their officers with regard to political protests, demonstrations and other crowd gatherings.

99. At all relevant times, the City Defendants facilitate and encourage the recurrence of the same abuses by making findings in only a disproportionately small number of cases, and by failing to adequately punish or discipline prior instances of similar misconduct.  The municipal policy-makers in the City Defendants are aware of (and condone and facilitate by their inaction) a code of silence in the respective police departments, by which officers fail to report misconduct committed by other officers.

100. The City of Portland adopted one or more policies, customs or practices specifically aimed at shutting down the Occupy Portland demonstrations whereby officers are allowed and encouraged to engage in excessive and unreasonable force, antagonism, brutality, hostility, false arrest, and other unlawful and unconstitutional practices.

**Thomas Freedman, OSB No. 080697**
PEARL LAW LLC
312 NW 10th Ave Ste 201, Portland, OR  97209
503.467.7257 | thomas@prllaw.com

Page **14** of **16**
Complaint

101. As part of its policy, the City of Portland contacted police agencies with other City Defendants for assistance, and created an atmosphere whereby officers from the City of Portland and the other City Defendants were encouraged to engage in excessive and unreasonable force, antagonism, brutality, hostility, false arrest, and other unlawful and unconstitutional practices in attempting to shut down the Occupy Portland Protests.

102. As a direct, proximate and foreseeable result of the execution of the City Defendant's policies, customs or practices, plaintiff's (and others) suffered extensive deprivation of constitutional rights – including under the First, Fourth and Fourteenth Amendments – and injury, harm, and compensable economic and noneconomic damages.

## JURY DEMAND

103. Plaintiff demands a trial by jury.

**WHEREFORE**, plaintiff demands judgment against defendants as follows:

(i) on plaintiff's first, second, third and fourth causes of action, awarding plaintiff (a) economic damages in an amount to be determined at trial of not less than $150,000 and (b) noneconomic damages in amount to be determined at trial of not less than $750,000;

(ii) on plaintiff's fifth, sixth, seventh, and eighth causes of action, awarding plaintiff general and special damages in amounts to be determined at trial to the fullest extent permissible under the Oregon Tort Claims Act;

(iii) on causes of action one through four, awarding plaintiff punitive damages in the amount to be determined at trial of not less than $2,000,000;

(iv) on plaintiff's ninth cause of action, awarding plaintiff economic damages in an amount not less than $150,000 and noneconomic damages in amount not less than $150,000, or such other amounts as may be proven at trial;

(v) on all causes of action, awarding plaintiff his reasonable attorney's fees to the fullest extent permitted by law, including pursuant to 42 U.S.C. § 1988;

**Thomas Freedman, OSB No. 080697**  
PEARL LAW LLC  
312 NW 10th Ave Ste 201, Portland, OR  97209  
503.467.7257 | thomas@prllaw.com

Page **15** of **16**  
Complaint

(vi)  on all causes of action, awarding plaintiff his costs, disbursements, prevailing party fees, enhanced prevailing party fees, and statutory interest to the fullest extent permitted by applicable law; and

(vii) for such other and further relief as the Court may deem just, equitable and proper.

Dated: June 15, 2012

          PEARL LAW LLC

          By: _____
             **Thomas Freedman**
             OSB No. 080697
             *Attorney for Plaintiff*