TRACY POOL REEVE, Oregon State Bar ID Number 891123
Chief Deputy City Attorney
Email: tracy.reeve@portlandoregon.gov
DAVID A. LANDRUM, Oregon State Bar ID Number 955425
Senior Deputy City Attorney
Email: david.landrum@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Rm 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Attorney for Defendants City of Portland

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JUSTIN JAMES BRIDGES**, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>**CITY OF PORTLAND**, a municipal corporation; **SGT. JAMI RESCH**, an individual; **SGT. JOE SANTOS**, an individual; **OFFICER BERG**, an individual; **OFFICER RAFAEL CORTADA**, an individual; **OFFICER JASON GRAF**, an individual; **OFFICER DAVE THOMAN**, an individual; **OFFICER D. WILLIAMS**, an individual; **OFFICER AMY FOSTER**, an individual; **JOHN AND JANE DOES 1 THROUGH 50**, individual police officers from various police departments; **JOHN AND JANE DOES 51 THROUGH 56**, individual officers with the Portland Police Bureau bicycle division; and **CITY OF VANCOUVER, WASHINGTON**,<br><br>DEFENDANTS. | 3:12-cv-01276-ST<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties have requested the production of documents and/or information that each

party considers to be or contain confidential information that is subject to protection under

Page 1 – STIPULATED PROTECTIVE ORDER

Federal Rule of Civil Procedure 26 (c)(7) and *Foltz v. State Farm Mutual Ins. . Co.,* 331 F.3d 1122 (9th Cir. 2003). The categories of information that are considered confidential include testimony and documents regarding current and former personnel, personal health information such as medical and mental health, internal affairs and computer database records which are identified with greater specificity on pages two and three in sections (a) — (k). The parties may or may not agree that a particular document within the described protected category or information should in fact be designated as "confidential," and do not waive the right to object to the inclusion of any particular documents under this Stipulated Protective Order. The parties contemplate that the designation of any document as confidential may be challenged for any reason, regardless of what category of information may be involved.

  The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses and deposition testimony, such that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

  The categories of documents to be protected initially are:

  a. Documents from the Internal Affairs Divisions of the Portland Police Bureau and the Vancouver Police Department not already publicly available or in the possession of the requesting party or counsel for the requesting party as of July 15, 2012;

  b. Documents from personnel files of all employees of the Portland Police Bureau or the Vancouver Police Department, including, but not limited to, Jami Resch, Rafael Cortada, Joseph Santos, Walker Berg, Jason Graf, David Thoman, Deshawn Williams; and Amy Foster;

  c. Training documents from the Portland Police Bureau and Vancouver Police Department not already publicly available or in the possession of the requesting party or counsel for the requesting party as of July 15, 2012;

Page 2 – STIPULATED PROTECTIVE ORDER

    d.    Text message records regarding the incidents described in the complaint

    e.    Portland Police Bureau and Vancouver Police Department After Action Reports and Review Level documents not already publicly available or in the possession of the requesting party or counsel for the requesting party as of July 15, 2012;

    f.    City of Portland and City of Vancouver records involving other instances of alleged use of excessive force by police officers not already in the possession of the requesting party or counsel for the requesting party as of July 15, 2012;

    g.    Personal financial information, including but not limited to bank records, investment records, and tax records relating to any party or that party's family;

    h.    Personal health information relating to any party;

    i.    Records relating to ownership, lease or rental of real property by any party or that party's family;

    j.    Residence address, personal telephone, e-mail, and internet usage information relating to any party or that party's family; and

    k.    Employment records relating to plaintiff or employment of any individual defendant by any employer other than the City of Portland Police Bureau or Vancouver Police Department.

Any such materials produced throughout the pendency of this litigation shall be subject to the following conditions:

    1.    All documents and the information contained therein shall be disclosed only to parties and counsel of record, or to individuals employed by or assisting such counsel in preparation for, or at a hearing in or at the trial of the action.

    2.    This Order does not waive or limit any otherwise available objection to production of any such records or information contained therein; however, a party's counsel shall be allowed to challenge the redaction or withholding of responsive documents.

    3.    All documents and information produced pursuant to the Protective Order shall be

Page 3 – STIPULATED PROTECTIVE ORDER

used only in connection with this litigation and the preparation and trial of this case or any related appellate proceeding, and not for other purposes, including any other litigation.

4.      All records subject to this Protective Order will be produced on pale colored paper; i.e. yellow or salmon, stamped "confidential," and any such records produced on computer-readable media as well as any videotapes or audiotapes produced will also be labeled "confidential".

5.      Any person to whom such documents or information contained therein is to be disclosed shall first be advised by counsel making the disclosure that, pursuant to this Protective Order, such person may not divulge any such documents or information to any other person and that such documents and information shall be used only for the purpose of prosecuting this action; counsel making the disclosure shall require each such person to read and sign the "Disclosure Statement for Confidential Material," attached as Exhibit 1 to this Protective Order.

6.      To the extent attorneys ask questions in any depositions which relate to any confidential information produced pursuant to this Protective Order, all such portions of those depositions shall be sealed by the court reporter; sealed portions of depositions shall be available only to those entitled to review the documents subject to this Protective Order.

7.      Any documents to which the producing party asserts a claim of attorney-client or work product privilege, must be identified in a privilege log at the same time other documents are produced.

8.      Within three months of the final conclusion of this action, including all appeals, all materials furnished by the parties under this Protective Order and all copies, or reproductions thereof made by anyone of such documents or information contained therein, shall be destroyed and respective counsel shall write opposing counsel a letter containing a truthful assurance that all documents, copies, or reproductions of such documents or written material recording the information contained in such documents including all electronic databases containing such confidential documents or information have been destroyed.

Page 4 – STIPULATED PROTECTIVE ORDER

9. This Protective Order shall remain in effect until agreed otherwise by written stipulation signed by all counsel for all parties hereto and filed herein or until modified or terminated by order of this Court upon good cause being shown.

10. In the event that any of the parties believe that any of these documents or the information contained there, or any sealed portion of a deposition, needs to be included with, or the contents thereof in any way disclosed in, any pleading, motion or other paper filed herein, such confidential documents or information, or sealed portion of a deposition, shall be filed under seal. This Protective Order shall not affect the admissibility of any document or information covered herein.

11. To the extent any information protected by this Protective Order is offered and received as an exhibit at trial, the presumption is that the information will be public at the time of trial, unless one of the parties seeks and obtains a specific order from the Court limiting the disclosure of such document.

12. Upon receipt of any documents which are designated as "confidential" the receiving party shall have 10 days to advise the party making the designation of any objections to the designation. The party making the designation shall then have 14 days to contact the court for a ruling on whether the disputed document(s) is/are covered by this Stipulated Protective Order. Failure to contact the court for a ruling shall be a waiver of the designation. The material shall remain confidential pending the court's decision on the protective order.

DATED: _____, 2013.

IT IS SO ORDERED.

_____
Hon. Janice M. Stewart
U.S. District Court Judge

STIPULATED AND CONSENTED TO BY:

_/s/ Judy Danelle Snyder_     Dated: April 4, 2013
Judy Danelle Snyder, OSB #732834
James E. McCandlish, OSB #752469
Attorneys for Plaintiff


/s/ Tracy Pool Reeve     Dated: 04/04/13
Tracy Pool Reeve, OSB # 891123
Chief Deputy City Attorney
David A. Landrum, OSB #955425
Senior Deputy City Attorney
Attorneys for Defendants City of Portland,
Jami Resch, Jason Graf, Walker Berg,
Joseph Santos, Rafael Cortada,
David Thoman, and Deshawn Williams


/s/ Alison J. Chinn     Dated: 04/04/13
Alison J. Chinn, OSB #840205
Assistant City Attorney
Attorney for Defendant City of Vancouver
and Amy Foster

## DISCLOSURE STATEMENT FOR CONFIDENTIAL MATERIAL

I, _____, of _____, located at _____, hereby agree to be bound by the terms and conditions of the Protective Order dated _____, in the action entitled Justin James Bridges v. City of Portland, et al., USDC Civil No. 3:12-CV-01276-ST. I have reviewed the Protective Order and am familiar with its contents.

I have received material represented to me to constitute confidential material in the aforesaid action. I will only make such copies or notes as are essential to enable me to render the assistance required in connection with this litigation. I will not reveal the contents of the confidential material to any unauthorized person. I will not use confidential material for business or competitive purposes, nor for any purpose other than the prosecution or defense of this action.

When I am advised by counsel that this action has been finally concluded, I will return copies of any confidential information in my possession, along with any notes I have taken regarding this information, within 30 days to the attorney from whom I received the information.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct and that I executed this document on _____, at _____am/pm.

_____
(Signature)

EXHIBIT 1